

United States District Court for the
District of New York - Albany
James T. Foley U.S. Courthouse
Suite 509; 445 Broadway
Albany, NY 12207

Garnishments in USDC DC
*On and for the behalf of the*
UNITED STATES

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
AUG 0 8 2019
AT _____ O'CLOCK _____
John M. Domurad, Clerk - Albany

[18-mc-7 *In re: David Merrill*]

*Citing Doc 30, Page 9 of 40 herein*

**REFUSAL FOR CAUSE**

**Upon alleged trial and conviction**

**COMES NOW**, Patrick Neill of the family MORENO and Redeemed. I am his father Francisco MORENO and am party in interest and being billed. Please find the attached Power of Attorney. Demand is made for redemption of central banking currency in Lawful Money in all transactions pursuant to Title 12 USC §411 and §16 of the Federal Reserve Act. Service to the agent is service to the principal and vice versa.

Dear Clerk of Court;

Please add this Notice of Appeal in state court on and for the behalf of the United States - risk management. This page one will be moved to the last page for filing in the Colorado Court of Appeals, mailed to Patrick Neill in jail in Ft Collins LEGAL MAIL and the $223 money order already returned from that court will be tendered as filing fee.

State of Arizona
County of Maricopa
The foregoing instrument was acknowledged before
me on this __5__ day of __AUGUST__ 20__19__
by __Francisco G. Moreno__
who is personally known to me or has produced
__Arizona Driver License__ as identification

_Notary's Signature_



Nicole Goodman
Notary Public
Maricopa, Arizona
My Comm. Expires 09/30/20

_Francisco B Moreno_

By:    Francisco G. Moreno (Power of Attorney

For:    Patrick Neill [MORENO]

| Colorado Court of Appeals $223<br>Steven L. BERNARD<br>2 East 14th Avenue<br>Denver, CO 80203 | |
|---|---|
| People of the State of Colorado<br><br>v<br><br>Patrick Neill MORENO | Eighth Judicial District 18-cr-315, 18-cr-2908<br><br>Trial Day 7/25/2019 |
| **Notice of Appeal** | |

The trial court lacked jurisdiction due to the State rendition of *Federal Question*. Some amazing sophistry has been applied in collusion and racketeering for the cause of central banking and sustainable debt/death/doubt (guilt). The Albany Remand; USDC NNY 18-mc-7 on and for the behalf of the United States wherein Patrick Neill is joindered in class is only the Introduction to a mathematical treatment of a pentagram about truth - fact, history, law, faith and love. In other words, when the reproducible Grand Unified Theory (hypothesis) was published in 2004, theory became law. Please request that the clerk of court USDC Denver scan the entire case 2004-cv-512 Federal Question, to PACER. The *coram vobis* in that case breaks out mathematics.

As a result of this bond-dodging sophistry several untruths have been conveyed to defendant Patrick Neill but most enforceable by constitutional authority is his right not to be tried twice for the same offence - protection from double jeopardy. Not only that, in JOUARD's trial the redundant charges were again tried by complete surprise. Look at JOUARD's ORDER in Response to the handwritten NOTICE to the Court.

> *Defendant Neill Patrick Moreno is charged through a Complaint and Information with Violation of Bail Bond Conditions in violation of C.R.S. §18-8-212(1) a Class 6 Felony.*

This description of a simple one-charge trial by Mr. JOUARD was carefully timed to disallow any time to respond or react to the Order, which has JOUARD's vacant office proven by

faulty oath of office, on Page 4. The following is seemingly JOUARD'S final advisement to Patrick Neill prior to trial. The Colorado Constitution says:

> **Section 18. Crimes - evidence against one's self - jeopardy.** *No person shall be compelled to testify against himself in a criminal case nor shall any person be twice put in jeopardy for the same offense. If the jury disagree, or if the judgment be arrested after the verdict, or if the judgment be reversed for error in law, the accused shall not be deemed to have been in jeopardy.*

According to the attached transcript from Ms Julie Kuntz FIELD Patrick was tried in 2018 (August 2, 2018) and was awaiting sentencing, upon validation of FIELD's oath of office, which is obviously faulty. There is nothing express about there being any error in law, likely because of how many Colorado "judges" are disqualified to sitting at bench. FIELD's "judgment" from the 2018 trial has not been reversed, yet JOUARD quite by surprise has added the charges into trial in the last minute. Not only did Patrick have to defend, all over again against identical charges at trial, he had to do it after arriving at the courtroom for trial before a second vacant office "judge", Mr. JOUARD.

Treating this simply, FIELD is and has been silently disqualified and the 2018 trial is bogus so that JOUARD felt compelled to try Patrick again, for the same offence. Verification is found in #2908 Charge #1 being violation of bond agreement, that already stood ready for sentencing with Patrick in custody. The general assembly - *authority* - has declared FIELD's oath is deviant from Form of Oath enough to be invalid by correcting the oath process with House Bill 18-1138 leading to ratification of new law, where it must be clear that the ever-living God bears witness to each and every oath of office, by definition of swearing. Which is to say if the affiant chooses to Affirm, then the witness must have Sworn. Otherwise any sworn oath by definition is void of bonding and the office deemed vacant.

One cannot treat the 2018 trial as being reversed without it being reversed. JOUARD has no valid oath of office so he cannot be reversing FIELD's trial. Even if he acts as an appeal justice he must do so expressly; not in secret. This is irregular under any *stare decisis* about double jeopardy because it has become too outlandish to actually be happening. JOUARD says to Patrick only days before trial that Patrick will be tried for one charge and then springs a retrial

on Patrick at trial. It is doubtful that this has ever been addressed in the appeals court so to find any authority to cite. Patrick Neill cannot be expected to be making objections in an invalid courtroom especially when the proceedings are nonsensical.



**HB 18-1138**

**Legislative Council Staff**
*Nonpartisan Services for Colorado's Legislature*

**FINAL FISCAL NOTE**

| | | | |
|---|---|---|---|
| **Drafting Number:** | LLS 18-0158 | **Date:** | July 24, 2018 |
| **Prime Sponsors:** | Rep. Arndt | **Bill Status:** | Signed into Law |
| | Sen. Zenzinger | **Fiscal Analyst:** | Aaron Carpenter | 303-866-4918 |
| | | | Aaron.Carpenter@state.co.us |

| | |
|---|---|
| **Bill Topic:** | PUBLIC OFFICIAL OATHS & AFFIRMATIONS |
| **Summary of Fiscal Impact:** | **No fiscal impact.** This bill creates a single uniform text for an oath or affirmation taken by public officials in the state. |
| **Appropriation Summary:** | No appropriation is required. |
| **Fiscal Note Status:** | The fiscal note reflects the enacted bill. |

### Summary of Legislation

This bill creates a single uniform text for an oath or affirmation taken by public officials in the state. It also establishes requirements necessary to administer an oath or affirmation.

### Assessment of No Fiscal Impact

The bill creates a uniform text for an oath or affirmation of office for public officials. Administering this new oath does not affect the revenue, expenditures, or workload of any state agency or local government.

### Effective Date

The bill was signed into law by the Governor on April 2, 2018, and takes effect August 8, 2018, assuming no referendum petition is filed.

### State and Local Government Contacts

Counties
Municipalities
Treasury

Higher Education
Secretary Of State

Judicial
Special Districts

*The revenue and expenditure impacts in this fiscal note represent changes from current law under the bill for each fiscal year. For additional information about fiscal notes, please visit: leg.colorado.gov/fiscalnotes.*

Simply stated, fraud vitiates all contracts and coercing state statute into treatment as municipal code, by intentional and even ambitious disregard for redemption will be explained fully by additional memorandum if necessary. Proving that the fraud exists is simply providing:

1.    NOTICE to the court - handwritten notice from jail

2.    ORDER IN RESPONSE to the Notice (1)

3.    Proof of Filing herein - 2019CA1203 - two documents

4.    State of Colorado Constitution, Article XII §§8-10

5.    Oaths of Mr. JOUARD, Mss SPENCER and FIELD

6.    Collection of Oath Rectification Process in 2018

7.    RESPONSE to Request for Oaths

8.    Registers of Action #2098 and #315

9.    Response from the Arizona Commission on Judicial Conduct 6/26/19

10.   Transcripts or orders for transcripts notifying JOUARD that Patrick is aware that JOUARD and FIELD oaths are invalid and being sought. The Secretary of State has supplied testimony that JOUARD has no oath but it is intentionally vacant of markings, seal and signature - even the envelope is irregular and the rounddate shows delay, when Frank paid for the information to be expedited. JOUARD is throwing shadows that Patrick must move the court if he wants to order transcripts. If the appeals court would please order all transcripts direct?

**NOTICE:** Should the Colorado Appeals Court require further explanation about the character and nature of Patrick Neill of the MORENO family, in relation to the perfect right of self - actualization and redemption from the rigors of debt as the basis of currency, a memorandum will be provided. Conditions where Patrick Neill is subject to fraud must be expressly explained.

*"Disobedience or evasion of a Constitutional Mandate cannot be tolerated, even though such disobedience may, at least temporarily, promote in some respects the best interests of the public." Slote vs. Examination,112 ALR 660.and...*

*"Economic necessity cannot justify a disregard of Constitutional guarantee." Riley vs. Carter,79 ALR 1018; 16 Am. Jur. (2nd), Const. Law, Sect. 81.and...*

*"Constitutional Rights cannot be denied simply because of hostility to their assertions and exercise; vindication of conceded Constitutional Rights cannot be made dependent upon any theory that it is less expensive to deny them than to afford them." Watson vs. Memphis, 375 U.S. 526.*

Mr. JOUARD states:

*Finally, Defendant Moreno argues that he has never been properly arraigned in this matter. The court record reflects that Mr. Moreno received an initial advisement regarding the charges against him by Magistrate Majoros on February 19, 2019. Mr. Moreno was advised of his right to counsel in a first appearance before the Court on February 22, 2019. Mr. Moreno requested that he be allowed to represent himself and denied any request for court-appointed counsel. Mr. Moreno had to be removed from the courtroom at the first appearance as he continued to be argumentative with the court after being properly advised that his conduct would not be allowed. A preliminary hearing was conducted before the Court on March 4, 2019. The Court again inquired as to whether Mr. Moreno desired to have court-appointed counsel to represent him. He declined to be represented by counsel and chose to proceed pro se. The preliminary hearing was conducted, and the court determined that there was probable cause to bind Mr. Moreno over for trial. Pursuant to Rule 10 of the Colorado Rules of Criminal Procedure, Mr. Moreno was advised of the charges against him and the subject of the preliminary hearing and the Court inquired of Mr. Moreno as to how he would plead to [t]he charges. Mr. Moreno refused to enter a plea and the court entered a plea of not guilty to the charges on his behalf pursuant to C.R.S. §16-7-208. See also, Romero v. People, 170 Colo. 234 460 P.2d 784 (1969).*

It is obvious that Patrick Neill was and still is aware that arraignment is an Answer from the Defendant that acknowledges he understands the nature and cause of the accusation. The sophistry from JOUARD is nested in his citation of the famous appeal made by Rick STANLEY.

*Further, the undersigned judge attaches to this order his oath of office administered by Chief Judge Stephen E. Howard on January 10, 2017 and is properly possessed with authority to carry out his duties as a judicial officer. Colo. Const. Art. XII §9; **People v. Stanley** 170 P.3d782 (Colo. App. 2007) (bold emphasis added)*

The citation of the Colorado Constitution defeats JOUARD's argument in the following sections, conspicuously not cited by JOUARD; *fraud by omission*. JOUARD uses PEOPLE v. STANLEY misapplied and in dishonest juxtaposition so to make it sound as though judicial officers can maintain valid office without correcting flaws in their fungible fidelity bond (oath of office). Even under METRO UN combinatorial mathematics this is patently untrue.

First, we must correctly view the intention to correct any constitutional misstep or errors in process. Specifically, to correct any errors in the publication of fidelity bond.

**Section 8. Oath of civil officers.** Every civil officer, except members of the general assembly and such inferior officers as may be by law exempted, shall, before he enters upon the duties of his office, take and subscribe an oath or affirmation to support the constitution of the United States and of the state of Colorado, and to faithfully perform the duties of the office upon which he shall be about to enter.

**Source:** Entire article added, effective August 1, 1876, see **L. 1877,** p. 65.

**Section 9. Oaths - where filed.** Officers of the executive department and judges of the supreme and district courts, and district attorneys, shall file their oaths of office with the secretary of state; every other officer shall file his oath of office with the county clerk of the county wherein he shall have been elected.

*A person chosen to fill a term of office is not permitted to assume the duties of the office until he files a bond and oath of office, which must be done before the commencement of the term, or the office shall be deemed vacant. People v. Quimby, 152 Colo. 231, 381 P.2d 275 (1963).*

***Vacancy occurs whether failure to qualify comes through willful neglect, refusal, or impossibility because of death.*** *Gibbs v. People ex rel. Watts, 66 Colo. 414, 182 P. 894 (1919).*

**Section 10. Refusal to qualify - vacancy.** If any person elected or

2013                                                                                        934

___

appointed to any office shall refuse or neglect to qualify therein within the time prescribed by law, such office shall be deemed vacant.

**Source:** Entire article added, effective August 1, 1876, see **L. 1877,** p. 65.
**Cross references:** For how vacancies in county offices are filled, see § 9 of article XIV of this constitution.

The annotations are cited from 2013.

This following citation is the key to discerning the amazing piece of sophistry presented

by Mr. JOUARD:

***Failure to file paperwork for oath with secretary of state in a timely fashion does not create a permanent vacancy.*** *No permanent vacancy is created if an elected district attorney **misses the deadline** to timely file the necessary paperwork for his or her oath and bond requirements with the secretary of state. Therefore, the elected district attorney is authorized to prosecute defendants **during a period of a temporary defect**. The district attorney acts as a de facto officer whose acts performed in the discharge of his official duties were valid and binding. People v. Scott, 116 P.3d 1231 (Colo. App. 2004). (emphasis in bold is added.)*

If anything, the stipulations on a judge will be even more astutely upheld even more judiciously than with the district attorney, whose conduct and prosecutions are monitored by judges. Upon discovery or detection of an error in this fidelity bond process, for any salvage of de facto or de jure authority the officer must immediately act to correct the error! In at least three of the above sentences it is clear that deviance from constitutional mandate is to be corrected - immediately rectified.

However, according to JOUARD, an illegal latitude is granted under municipal jurisdiction apparently but looking closely, Home Rule is never activated to bypass constitutional stipulations about bonding requirements. Viewing STANLEY more closely:

> Further, Judge Quinn's written oath of office and contract of employment for January 2003 through January 2005 are public records of an administrative agency, specifically the Office of the State Court Administrator.  We may take judicial notice of such records.   See Disabled Rights Action Committee v. Las Vegas Events, Inc., 375 F.3d 861, 866 n. 1 (9th Cir.2004) (court took judicial notice of state agency's contract with private entity); cf.  Vento v. Colo. Nat'l Bank, 985 P.2d 48, 52 (Colo.App.1999) (court may take judicial notice of court's records in related proceeding); see generally 1 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 201.12[13] (2d ed.2006).

> The oath of office and contract Judge Quinn executed show that he was authorized to serve as a senior judge throughout the course of defendant's trial court proceedings.  Thus, Judge Quinn was authorized to preside over defendant's trial, and defendant's convictions are not void for lack of jurisdiction.  Cf. People v. Jachnik, 116 P.3d 1276, 1277-78 (Colo.App.2005) (county court judge lacked jurisdiction to preside over trial in district court where People failed to identify any order authorizing such action).

Apparently JOUARD feels that under municipal home rule the constitutional requirement is laid aside. John SUTHERS became mayor of home rule City of Colorado Springs, no surprise. But that is a memorandum unto itself - SUTHERS' oath history is attached. STANLEY opens:

## Colorado Court of Appeals,Div. V.

### The PEOPLE of the State of Colorado, Plaintiff-Appellee, v. Richard Eugene STANLEY, a/k/a Rick Eugene Stanley, Jr., Defendant-Appellant.

### No.  04CA2164.

### Decided: April 05, 2007

**John W. Suthers**, Attorney General, Matthew D. Grove, Assistant Attorney General...

We must not lose sight that if an officer swears to uphold the state and federal constitutions, the same official is required to read the constitutions. No citation required for this no-brainer. Therefore, this is no excuse that the Office of the State Court Administrator has

custody of a judge's written oath and contract of employment, the Secretary of State has the Mission Statement of providing accurate information to people like Patrick Neill and should Patrick Neill educate himself by reading the state constitution, he is directed to go get the certified copy of it there, at the Secretary of State. The oath of office finally last-minute provided by Mr. JOUARD to Patrick Neill has no such markings.

Because Patrick Neill is being held in jail pending sentencing he has been relying heavily on his father, Francisco (Frank), with full but unlicensed legal power of attorney. Frank is able to file into the Federal Question organic class action garnishments suit, the Albany Remand.

### POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that I, Patrick Moreno, of Box 316, Fort Madison, Iowa, have made, constitute, and appointed and by these presents do make, constitute, and appoint Francisco G. Moreno, of 18105 W. Ivy Lane, Surprise Arizona , my true and lawful attorney for me and in my name, place and stead, to do (state here matters in which authority is granted): To discuss personal business matters, and educational needs with institutions; and lenders; the University of Northern Iowa, creditors and lenders pertaining to student loans; And, any and all personal and/or legal matters that require permissions and endorsements on behalf of Patrick. There are no matters that are excluded from this authority.

giving and granting unto my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as I, the above named, might or could do if personally present, hereby ratifying and confirming all that my said attorney shall lawfully do or cause to be done by virtue hereof.

IN WITNESS WHEREOF I have hereunto set my hand and seal the 2nd day of April, 2014.

Signature: _____

Box 316
Fort Madison, Iowa 52627

State of Iowa      }
                   } SS
County of Lee      }

On this 2nd day of April, 2014 before me Robert E. Schneider a Notary Public in and for the County of Lee in the State of Iowa, duly commissioned and sworn, personally come and appeared in person , to me personally known and known to me to be the same person described in and who executed the foregoing power of attorney and he acknowledged the within Power of Attorney to be his free act and deed.

In testimony whereof, I have hereunto subscribed my name and affixed my seal of office the day and year last above written.

_____
Notary Public

ROBERT E. SCHNEIDER
Commission Number 762105
My Commission Expires
1/8/2016

The point being that in any capacity that might be recognized as licensed attorney, or not, Frank is capable of doing unobstructed business with the Secretary of State and has been frustrated from receiving key oaths and certificates of fact in the alternative when an officer has neglected or intentionally left his office vacant. This happened recently, delaying until after Patrick Neill was tried and convicted. In fact Mr. JOUARD delayed presenting any oath at all until a few days before trial so that Refusal for Cause on the Presentment was made nearly impossible but for overnight mail delivery.

Yet Mr. JOUARD maintains that Patrick Neill has been arraigned. Even his ORDER in Response to the Notice to the Court details that JOUARD knows an arraignment is Answer from the Defendant that he or she understands *the nature and cause of the accusation.*

> *Finally, Defendant Moreno argues that he has never been properly arraigned in this matter. The court record reflects that Mr. Moreno received an initial advisement regarding the charges against him by Magistrate Majoros on February 19, 2019... Mr. Moreno refused to enter a plea and the court entered a plea of not guilty to the charges on his behalf pursuant to C.R.S. §16-7-208.*

The commentary between these sentences is contradictory, saying clearly that Patrick pleaded, and chose to proceed *pro se.*

### 16-7-208. Failure or refusal to plead.

> *If a defendant refuses to plead, or if the court refuses to accept a plea of guilty or a plea of nolo contendere (no contest), or if a corporation fails to appear, the court shall enter a plea of not guilty. If for any reason a plea has not been entered, the case shall for all purposes be considered as one in which a plea of not guilty has been entered.*

> **Source: L. 72:** *R&RE, p. 223, 1.* **C.R.S. 1963:** *39-7-208.*

Before discovery of the oaths directly related herein, it was clear that the promises made by the court were and continue to be disingenuous, especially regarding any intact appellate chain upward to the US Supreme Court and even in the US Supreme Court. Any arraignment will promise any defendant, "*You have the right to appeal*". So according to the dates presented on JOUARD's Order and Patrick Neill's joinder into the Albany Remand, there has never been any pleading or arraignment, because Patrick has been aware prior to any of the Eighth Judicial District proceedings that all federal judge oaths of office are fatally deviant in form. So plainly, by any definition of arraign, Patrick Neill has never been arraigned. In yet another last minute

before trial hearing, Patrick was led to believe that should he again utter, "I have not been arraigned", at trial this would reset the trial clock and he could anticipate to be in jail another six months before having another opportunity to again assert he has not been arraigned. Mentioning that there has been no arraignment effectively activates annulment of any presumed arraignment.

We should pay attention to an utterance about Ms. SPENCER in Arizona, who filed her oath of office with the Secretary of State the day after the Secretary promised to deliver it to Patrick and after dispositive actions by SPENCER from her vacant office. Frank showed his legal power of attorney and got results. The Complainant is Patrick, but the complaint was sent to the Commission on Judicial Conduct by Frank as power of attorney over legal matters.

State of Arizona
COMMISSION ON JUDICIAL CONDUCT

Disposition of Complaint 19-042

Judge:        Barbara L. Spencer
Complainant:  Patrick N. Moreno

ORDER

June 26, 2019

The Complainant alleged a superior court commissioner unlawfully detained him on an extradition warrant.

The role of the Commission on Judicial Conduct is to impartially determine whether a judicial officer has engaged in conduct that violates the Arizona Code of Judicial Conduct or Article 6.1 of the Arizona Constitution. There must be clear and convincing evidence of such a violation in order for the Commission to take disciplinary action against a judicial officer.

The Commission does not have jurisdiction to overturn, amend, or remand a judicial officer's legal rulings. The Commission reviewed all relevant available information and concluded there was not clear and convincing evidence of ethical misconduct in this matter. The complaint is therefore dismissed pursuant to Rules 16(a) and 23(a).

Commission members Roger D. Barton and J. Tyrrell Taber did not participate in the consideration of this matter.

Copies of this order were distributed to all appropriate persons on June 26, 2019.

The mission of the Commission is to discern violations of the Arizona Constitution yet SPENCER acted from vacant office affecting Patrick Neill's extradition before she attempted

salvaging validity in her office. The Commission's mission, therefore, was reduced to determining whether SPENCER acted ethically. Apparently, attorney sophistry in SPENCER'S filing and publishing her oath of office after the fact was the ethical thing to do. No surprise we find BARTON and TABER decline to participate in this paradoxical treatise on ethics. Again, the court is reminded that JOUARD defends his unfiled oath and bond.

Quoting SCOTT, the citation that JOUARD uses to claim Patrick was arraigned and that the trial court has jurisdiction:

> However, even assuming such a filing requirement, when a public officer signs a valid oath of office but misses the deadline for filing the oath with the secretary of state, the officer still possesses the authority to carry out his or her duties as a de facto officer. People v. Scott, 116 P.3d 1231, 1232-33 (Colo.App.2004); see also Nguyen v. United States, 539 U.S. 69, 77-78, 123 S.Ct. 2130, 2135-36, 156 L.Ed.2d 64 (2003) (when a legal deficiency in a judge's appointment is merely technical, a properly appointed judge still acts under valid de facto authority); Relative Value Studies, Inc. v. McGraw-Hill Cos., 981 P.2d 687, 688 (Colo.App.1999) ("a properly appointed judge, despite even a conceded violation of [a] constitutional requirement, does not lose his or her authority to act as judge merely because of the violation"). Thus,

Again, this speaks of missing the deadline, not defeating the requirement. The assumption is still that even under home rule, the judicial officer has already remedied the situation by filing with the Secretary of State. This did not happen with JOUARD, in fact there is no marking on JOUARD's oath from the Office of the Court Administrator.

IN THE DISTRICT COURT

IN AND FOR THE 8TH JUDICIAL DISTRICT

STATE OF COLORADO

I, Stephen J. Jouard, do solemnly swear by the ever living God that I will support the Constitution of the United States, the Constitution and Laws of the State of Colorado, and that I will faithfully perform all the duties pertaining to the office of District Judge, 8th Judicial District, State of Colorado, to the best of my knowledge and ability, so help me God.

_____
Stephen J. Jouard

Subscribed and sworn to before me this 9th of January, A.D., 20___.

_____
Stephen E. Howard
Chief District Court Judge

The recent oath package about JOUARD, from the Secretary of State to Patrick's father Frank, was delayed until after trial. It was promised and paid for expedited but delayed for nearly two weeks, so the mailing time delay is suspicious, pointing to possible racketeering at all levels.

July 18, 2019

Francisco Moreno
18105W. Ivy Lane
Surprise, AZ  85388

On July 16, 2019 in the mail I received an order for Certified Copies of Oaths (6) and the payment of 30.00.  In the same packet I received a request for 25 Photocopies only of the Oaths for Certain Judges.

There are 3 oaths which I could not locate: (1) Photocopy of Oath for Judge Stephen J. Jouard as well as the Certified Copy of the Oath. (2) Photocopy of Oath for Judge Terry Fox, (3) Photocopy of Oath for Judge Neeti Vasant Pawar.

Notice is given that the above cover letter is deficient in that Secretary of State markings that would qualify that *JOUARD has filed no oath of office* is potential record testimony from the Secretary of State. Even the mailing envelope is evasive of rules of evidence. Months prior, Patrick was only able to acquire a very informal testimony of the same fact in evidence.

Therefore, Stephen John JOUARD:

1. has no oath of office with the Secretary of State
2. has intentionally left his office vacant over direct challenge to his court and office
3. has resorted to citing a municipal jurisdiction case and attempted juxtaposition of home rule authority upon state statute charges



Rec'd 7/29/2019 from Sec of State Office
DENVER, CO

Francisco Moreno
18105 W. Ivy Lane
Surprise, AZ 85388



Names given to me by FRANK MOREN 3/19/19 Mary - sec. of state
~~KANDANCE~~ ~~MAJOROS~~                                    confirmed other
                                                            than those tked
✓MATTHEW R. ZEHE , Magistrate                               no oath
  ~~JOANNE~~                                        /  JOANNE on
  ~~MIKE~~  ~~OSCAR~~ ~~O·MORANDAN~~ , DA /  MONANTO  file
✓SCOTT ROGERS
   KEN ~~PERKINS~~ DA Prosecutors
  ~~JASON~~ ~~ST~~ ~~ALBIN~~
✓STANLEY HERNANDEZ
  ~~CHRISTIAN~~ ~~BRADSHAW~~
✓DAVID HARPMAN
  ~~JAROD~~ ~~ROSTON~~
✓SEAN CURTIS
  ~~TIMOTHY~~ ~~ALLEN~~ ~~PERSTROM~~
  ~~AMY~~ ~~WIMMER~~
  ~~DEPUTY~~ ~~JUSTIN~~ ~~WILLIAMSON~~
✗WILLIAM E. STARKS BAR. 9973
  ~~JACOB~~ ~~T~~ ~~STEINHAGER~~
?  ~~JOHN~~ ~~STEPHEN~~ ~~J~~ JOARD

Even under the presumption of combinatorial mathematics behind United Nations METRO municipal jurisdiction, home rule or whatever such administration cannot function as government in miniature without judicial oversight - AmJur 2d, Administrative Law.

The amazing sophistry by JOARD is that he resorts to a slack approach to constitutional procedure, applied to an oath to support and uphold the same, in a municipal code prosecution (STANLEY). In truth, the trial was for violating a state statute where the general assembly, being assembled by the state constitution has no option to circumnavigate constitutional provision. Even allowing for the absurd, we approach the obviously unnecessary Memorandum

regarding the Dragon Court copied. Patrick notified JOUARD numerous times that he (Patrick) was seeking a valid oath.

There is fatally flawed confusion and cross-jurisdictional bonding between cases and districts that caused Patrick Neill to joinder into the Albany Remand federal question at Doc 30, USDC NNY 18-mc-7. Looking at the next two nearly identical documents…,

☐ Municipal Court  ☐ County Court  ☒ District Court
El Paso County, Colorado

Court Address
270 S. Tejon, Colorado Springs CO 80901
The People of the State of Colorado

VS. PATRICK NEILL MORENO

FILED IN COMBINED COURTS
LARIMER COUNTY, CO.
DATE FILED  August 7, 2018
CASE NUMBER: 2018CR315
COURT USE ONLY

Attorney or Party Without Attorney (Name and Address):

Phone Number:                    E-mail:
FAX Number:                      Atty. Reg.#:

Case Number: 18CR315
Arrest Number:
Bond Number:  18CR315
Division: 18    Courtroom

**CONSENT OF SURETY**

BOND POSTED FOR: ☒ Defendant  ☐ Respondent  ☐ Plaintiff  ☐ Petitioner  ☐ Child
NAME OF PARTY (print or type):  PATRICK          NEILL          MORENO          04/24/1972
                                First            Last                           DOB

The undersigned Dennis Blackwell                              (print/type name of bail bonding agent) a
bail bonding agent, authorized to give this consent on behalf of  Cash Qualified
                                                (print/type name of bail insurance company from bond power of attorney, if applicable)
consents as follows:

(Check either box "A" or "B" below. This form may be used for only one type of consent.)

☒  A.  **REINSTATEMENT OR CONTINUANCE.** Consent is given for continuance or reinstatement of the party's
       appearance bond as follows.  (Check one box below. This consent is valid if more than one box in this section is checked.)
   ☐  (1)  Reinstatement until entry of an order for deferred prosecution or deferred judgment, plea of guilty, nolo
           contendere or conviction.
   ☒  (2)  Continuance following conviction, but expiring upon the imposition of sentence.
   ☐  (3)  Reinstatement until hearing set for (date):                          at (time):
   ☐  (4)  Agent acknowledges that this appearance date has been or will be rescheduled to (date):
           at (time):               Agent waives any requirement that the party
           personally appear before the Court to request the new appearance date shown above.

☐  B.  **PERMISSION TO LEAVE STATE.** Consent is given for party to leave the State of Colorado, subject to the terms
       and conditions of the permission granted to the party by order of Court. (The following Acknowledgement and
       Waiver must be signed by the party.)

   PARTY'S ACKNOWLEDGEMENT AND WAIVER:  I acknowledge my responsibility to meet all conditions of the
   appearance bond and all orders of this Court. In the event I leave Colorado, then with respect to any proceedings upon this
   appearance bond, I: (1) Waive extradition proceedings; (2) Agree to voluntarily return to custody in Colorado, and (3) Grant
   the undersigned agent irrevocable permission to transport me back to Colorado and to use such reasonable force as may be
   required to return me to this Court.

   PARTY (signature):                                    Date:  6/4/2018

IMPORTANT NOTE:  This consent must be filed by the date and time ordered by the Court. Consent to reinstatement or continuation
is void if this document is not filed with the Court within twenty-four (24) hours of the date and time of execution, shown below. If
forfeiture proceedings are pending, this consent is conditional upon those proceedings being vacated by the Court.

EXECUTED BY BAIL BONDING AGENT (date)  Fri, Aug 3, 2018      at (time)  8:50 AM
                                                             463469
2966 E. Las Vegas                          Agent - acknowledgement #
Colorado Springs CO 80906                  Power of Attorney No.   Cash Qualified
(719) 390-3630                             Date bond executed    6/4/2018

(NOTICE  It is unlawful to charge a fee for a consent of surety)

JDF 311  R 7/12  CONSENT OF SURETY

El Paso

only the handwriting and Doc #'s reveal that these are in fact two documents. Albeit these
two cases are in the Fourth Judicial District they reflect an identical bond violation accusation
but clearly establishes that under no circumstance does Patrick have any chance to defend on the
merits of surety pledged. Mr. JOUARD: representst, however, that in the matter at hand, there is
only one charge,

| DISTRICT COURT, LARIMER COUNTY, COLORADO<br>201 La Porte Avenue, Suite 100<br>Fort Collins, CO 80521-2761<br>Telephone: (970) 494-3500 | DATE FILED: July 18, 2019 3:05 PM<br>CASE NUMBER: 2018CR2908 |
|---|---|
| **PEOPLE OF THE STATE OF COLORADO vs.**<br><br>**Defendant:**<br>    **PATRICK NEILL MORENO** | |
| | ▲ **COURT USE ONLY** ▲ |
| The Honorable District Court Judge<br><br><br><br>STEPHEN J. JOUARD | Case No: **2018 CR 2908**<br><br>Courtroom:  **3C** |
| **ORDER REGARDING DEFENDANT'S NOTICE TO THE COURT** | |

    Defendant Neill Patrick Moreno is charged through a Complaint and Information with Violation of Bail Bond Conditions in violation of C.R.S. §18-8-212(1) a Class 6 Felony. Defendant Mr. Moreno continues to challenge the authority of the district attorney as well as this court to exercise jurisdiction over Mr. Moreno. Defendant has attempted to file "Evidence" in the Court through his Father as well as having the same documents delivered to the Court in person as well as through Defendant's court-appointed advisory counsel. The Court has directed his clerk to upload the documents requested to be filed with the Court so that such documents may be part of the Court record.

    The documents requested to be filed by Defendant Moreno include a "Notice of Appeal and Allocution Affidavit," "Evidence-Findings of Fact," "Notice of Vacant Offices and Garnishment of Judge Field," Refusal for Cause," "Notice to Rectified Scottish Right Freemasonry and Imperial Dragon Sovereignty NEPHELIM bloodline," "Original Habeas

    This evidences that Ms. FIELD's alleged conviction needed Mr. JOUARD's coerced arraignment in order to pretend the two trials resulted in two convictions. Otherwise, having Patrick in custody, why not simply finish sentencing? Instead JOUARD set things up as one trial for violation of bond agreement and then by surprise added the 2018 charges from FIELD's (vacant) court, giving the appearance that Mr. JOUARD is recognizing that Ms. FIELD has a deviant oath that has been rectified by the general assembly (HB 18-1138) - after the fact. Both judges have vacant offices and all the trial courts, Ft Collins, Colorado Springs and Denver have identical bond-dodging vacancies. Therefore, Patrick's record should be expunged of any accusations and the appeals court should act upon bond to enforce garnishments.

    Retrying the Ms. FIELD "conviction" before JOUARD's vacant bench is perhaps most revealing about whether Patrick Neill has been arraigned under these conditions of fraud and bond-dodging techniques. Ms. FIELD allegedly tried Patrick last year and the "trial" remained awaiting a sentencing hearing according to the register of action. But Ms. FIELD has never had a

valid oath of office. And we see how her oath of office is deviant enough from statutory Form of Oath, without the obligatory witness of the "ever-living God" that FIELD has no judicial or sovereign immunity from garnishment like in the Albany Remand.



**RECEIVED**

JAN 2 0 2015

ELECTIONS
SECRETARY OF STATE

2013S005047  C
OATH_OFFICE
SECRETARY OF STATE
02/23/2015 11:29:01

### IN THE DISTRICT COURT

### IN AND FOR THE EIGHTH JUDICIAL DISTRICT

### STATE OF COLORADO

I, Julie Kunce Field, do solemnly swear that I will support the Constitution of the United States, the Constitution and Laws of the State of Colorado, and that I will faithfully perform all the duties pertaining to the office of District Court Judge in and for the Eighth Judicial District, State of Colorado, to the best of my knowledge and ability.

Julie Kunce Field

Subscribed and sworn to before me this 13th of January, A.D., 2015.

Stephen J. Schapanski,
Chief Judge

It is noted that Stephen J. SCHAPANSKI is bearing witness to an oath of office so deviant from form while he himself conforms and honors the provisions of the statute.

**RECEIVED**

JAN 24 2011

ELECTIONS
SECRETARY OF STATE

20115002494  C
OATH_OFFICE
SECRETARY OF STATE
01/24/2011 12:04:07

## IN THE DISTRICT COURT

## IN AND FOR THE EIGHTH JUDICIAL DISTRICT

### STATE OF COLORADO

I, Stephen J. Schapanski, do solemnly swear by the ever living God that I will support the Constitution of the United States, the Constitution and Laws of the State of Colorado, and that I will faithfully perform all the duties pertaining to the office of District Court Judge in and for the Eighth Judicial District, State of Colorado, upon which I am about to enter, to the best of my ability, so help me God.

_____
Stephen J. Schapanski

Subscribed and sworn to before me this ___ day of January, A.D., 2011.

_____
Devin R. Odell, District Court Judge

The new form issued by the Secretary of State through careful geopolitical social engineering upholds that rectification of Judiciary with respect to any proper definition of oath

establishes that no oath is valid unless at least witnessed by an officer who has actually sworn before competent witness, the ever-living God rather than affirmed bond on the office.

COLORADO SECRETARY OF STATE
1700 Broadway, Ste. 200, Denver, CO 80290
(303) 894-2200 press 2, Fax (303) 869-4864

**OATH OF OFFICE**

STATE OF COLORADO

_____ County

_____ City/Town

I, _____ do [select one: ☐swear, ☐affirm, or ☐swear by the everliving God], that I will support the constitution of the United States, the constitution of the State of Colorado, and the laws of the state of Colorado, and will faithfully perform the duties of the office of

_____

_____

_____

upon which I am about to enter to the best of my ability.

_____
Signature

_____
Print name

Subscribed and sworn to before me this _____ day of

_____ , 20 _____

_____
Official administering oath

(SEAL)
_If applicable_

_____
Title

_____
Address

My Commission expires: _____

OATH                    Page 1 of 1                    Rev 8/08/2018

Furthermore, with even a semblance of credible evidence this racketeering activity is obviously bond-dodging by fraudulent judicial officers in vacant offices it would be quite proper for every deviant oath, including every self-crafted oath or affirmation, be returned by the Secretary of State to the elected or appointed official promptly with a blank form with

instructions to comply with the applicable statute or accept that the subject court office would be deemed vacant according to the state constitution.  Accordingly, an all-encompassing Notice to Comply with Law.  Officers, judicial and otherwise, cannot presume the authority to form the oath under any conditions, yet we find a variety of oaths filed and published by the Secretary of State when it is that office that manages connection between the bonded behavior on the oath and the state and federal treasuries for recourse in law for any defendant. Additionally, it is objectionable for any soon-to-be judicial officer to practice malfeasance by violating the very same oath statutes that affirm their right and responsibility  (under the Great Seal)  to adjudicate and pass judgment upon the public (defendants).

Attachments are fully integrated, but the appeals court is expected to order these documents according to rules of evidence and allow for the fact Patrick Neill is disabled by being in jail and by obviously obstinate clerks. Therefore, Steven L. BERNARD, who is apparently under a valid fungible fidelity bond is expected to actively acquire documents and testimony for investigation and information in a fashion to overcome collusion and racketeering operations designed to protect JOUARD from criminal prosecution. The certified copies of registers of action are dated and provided to show any fraudulent adjustments to cover traces of racketeering.



At first glance we find the chief justice of the Colorado Court of Appeals Steven L. BERNARD is properly bonded for recourse through the state and federal treasuries. The arraignment promise includes appeals through and upward in the federal judiciaries proven vacant in the Albany Remand. Judge John Daniel DAILEY as witness is shown to be competent and bonded to witness Judge BERNARD's oath. For garnishment purposes within the intents and purpose of Rule B(1)(c) of the FRCP, this will have to do.

If it is determined that Patrick Neill is somehow subject to fraud through endorsement of private credit, public policy, Special Drawing Rights or any other reason, Patrick Neill retains the right to clarify this Notice by a lengthy historical memorandum.



Upon this bonding and promise of honor, I assure the court that I believe Patrick Neill is telling me the truth, that critical transcripts from a hearing held by Ms. FIELD are being withheld in jail. If they should arrive before I feel compelled to publish this Notice of Appeal, I will include some of the transcripts. Patrick has tried to mail this transcript to me twice now and it is returned to him in the ward instead of being put into the mails. The deputies return mail under the auspices that postage is due, that the staff cannot obtain postage, though funds are available,

etc. Mail collection and repeated returns may be a form of teasing to create the illusion that mail is processed when in truth, mail is being intentionally delayed.

Mr. JOUARD appointed "Counsel (Advisory)" for Patrick Neill but this attorney does not speak at all about oaths of office and/or jurisdiction issues. Therefore, Patrick needs help from the appeals court for the mere ability to meet certain rules of evidence and to provide case citation as authority in Colorado case law.

The scope of this appeal does not exceed the bonding oath issue and uses various travesties of justice to exemplify behaviors of 'pretend judicial officers' throughout recent Colorado history. The intent is to present nothing that will subject Patrick Neill to the jurisdiction of the judicial district where FIELD and JOUARD set up vacant benches.

A copy of this Notice of Appeal will be mailed directly to the appeals court with the money order for $223.00. The original filing will be signed by Patrick Neill himself. However, the filing fee cannot be sent to Patrick Neill directly at the jail with his copy of the filing Therefore, the payment will be provided to the Appeals Court concurrently throught special arrangement with the Clerk of the Court to arrive with Patrick Neill's filing. Concurrently, a concern is registered because filing from the jail can be influenced as demonstrated by actions documented in the FIELD hearing transcripts that show FIELD intentionally misconstrued the facts about critical process in open court, coupled with mail being manipulated by the jail mail faculties to Patrick Neill's detriment, the copy being sent to Patrick for his notarized signature may be delayed until after the appeal deadline.

The Notice of Appeal is Certificate of Exigent Circumstances and contains the components for backing the garnishments of the Albany Remand for any E(4)(f) hearing in international law and the law of nations.

This original Notice is initially signed by Francisco, Patrick's father, and through Patrick Neill's legal power of attorney, this Notice of Appeal is published on PACER (18-mc-7 In Re: David Merrill) and pdf copies are mailed to:

USDC Northern New York
445 Broadway; STE 509
Albany, New York. 12207

National Judicial Council                    $21 cash                    International Mail
16 Szalay utca, H-1055
Pf. (PO Box) 24. H-1363
Budapest, Hungary.

General Counsel - Administrative Office of the US Courts
One Columbus Circle, NE; Room 5-300 Billing
city of Washington, District of Columbia. 20544

Rectified Scottish Rite Freemasonry                    Registered Mail #
The Supreme Council, 33°, SJ, USA
1733 16th St. NW
Washington, DC  20009–3103

Hungarian Honorary Consulate in Liverpool, United Kingdom
Attn: ZSIGMOND/HOGELAND
43 Rodney Street                                        International Mail
Liverpool L1 9EW
United Kingdom

United Nations Secretary General Antonio GUTERRES      Registered Mail #
1 United Nations Plaza
New York, New York. 10017

Club de Paris - IMF                                     International Mail
139, rue de Bercy -
75572 Paris Cedex 12, France

State of Arizona
County of Maricopa

The foregoing instrument was acknowledged before
me on this __5__ day of _August_ 20_19_
by _Francisco G. Moreno_
who is personally known to me or has produced
_Arizona Driver License_ as identification

_____
Notary's Signature



Nicole Goodman
Notary Public
Maricopa, Arizona
My Comm. Expires 09/30/20

By:    Francisco MORENO (Legal Power of Attorney)

For:   Patrick Neill [MORENO]

       Defendant

_____

Patrick Neill - allegedly convicted Defendant


Jailhouse notary:

| United States District Court for the District of New York - Albany James T. Foley U.S. Courthouse Suite 509; 445 Broadway Albany, NY 12207 | |
| --- | --- |
| **Garnishments in USDC DC** *On and for the behalf of the* **UNITED STATES** | [18-mc-7 *In re: David Merrill*]<br><br>*Citing Doc 30, Page 9 of 40 herein* |
| **REFUSAL FOR CAUSE** | |
| **Upon alleged trial and conviction** | |

  **COMES NOW,** Patrick Neill of the family MORENO and Redeemed. I am his father Francisco MORENO and am party in interest and being billed. Please find the attached Power of Attorney. Demand is made for redemption of central banking currency in Lawful Money in all transactions pursuant to Title 12 USC §411 and §16 of the Federal Reserve Act. Service to the agent is service to the principal and vice versa.

  Dear Clerk of Court;

  Please add this Notice of Appeal in state court on and for the behalf of the United States - risk management. This page one will be moved to the last page for filing in the Colorado Court of Appeals, mailed to Patrick Neill in jail in Ft Collins LEGAL MAIL and the $223 money order already returned from that court will be tendered as filing fee.

State of Arizona
County of Maricopa
The foregoing instrument was acknowledged before
me on this __5__ day of __August__ 20__19__
by __Francisco G. Moreno__
who is personally known to me or has produced
__Arizona Driver License__ as identification

Notary's Signature



Nicole Goodman
Notary Public
Maricopa, Arizona
My Comm. Expires 09/30/20

By:  Francisco G. Moreno (Power of Attorney

For:  Patrick Neill [MORENO]

### Memorandum about John William SUTHERS

The career history of former state attorney general John SUTHERS is likely a definitive outline for bond-dodging in Colorado, even without SUTHERS as DA, Fourth JD's chief prosecutor David A. GILBERT, subsequently a district judge (Fourth JD) renewing his valid oath midterm with a bogus oath. GILBERT is mentioned because this seems to be a cornerstone in the racketeering operations, being no reason to renew midterm it would be easily deemed express and intentional. Alleged chief judges MARTINEZ and SAMELSON demonstrate orchestration with this statewide vacancy of judicial function.

Back when the Secretary of State would provide a Certificate of Fact when an officer refused to file an oath:



Above, we find the office is vacant according to the state constitution.



01785161    89 JAN 12 AM 10: 23    BOOK 5595 PAGE 202

ARDIS W. SCHMITT
EL PASO COUNTY

STATE OF COLORADO )
                    ) ss        OATH OF OFFICE
COUNTY OF EL PASO )

I, John W. Suthers do solemnly swear by the Ever
Living God, that I will support the Constitution of the United
States and of the State of Colorado; that I will faithfully and
to the best of my ability perform the duties of the office of
DISTRICT ATTORNEY, 4TH JUDICIAL DISTRICT, upon which
I am about to enter.

John W. Suthers
signature

Subscribed and sworn to before me this 10th day of Jan., 1989.

DISTRICT JUDGE
FOURTH JUDICIAL DISTRICT

Office of County Clerk and Recorder
El Paso County, State of Colorado
Certified to be a full, true and Correct
Copy of record in my Office.
Date 01785161 Book 5595 Page 202
Wayne W. Williams
County Clerk & Recorder
El Paso County, Colorado
By. Yvette Briggs, Deputy

EL PASO COUNTY COLORADO
EST. 1861
SEAL

Early oaths follow the wording of statutory form, however this oath is not filed with the
Secretary of State.

002246590

93 JAN 13 AM 11:06

ARDIS W. SCHMITT
EL PASO COUNTY CLERK & RECORDER

BOOK 6106  PAGE 384

Free

OATH OF OFFICE

STATE OF COLORADO )
                   ) ss
COUNTY OF EL PASO  )

I, John Suthers, do solemnly swear, in the presence of the
everliving God, that I will support the Constitution of the
United States and the Constitution of the State of Colorado, and
that I will faithfully perform the duties of the office of
District Attorney of the Fourth Judicial District, State of
Colorado, to the best of my skill and ability, so help me God.

John Suthers
District Attorney

Subscribed and sworn to before me, Matt Railey, Chief Judge,
Fourth Judicial District, this 12th day of January, 1993.

Matt Railey, Chief Judge
Fourth Judicial District

Office of County Clerk and Recorder
El Paso County, State of Colorado
Certified to be a full, true and Correct
Copy of record in my Office.
002246590      Book 6106 Page 384
Date
Wayne W. Williams
County Clerk & Recorder
El Paso County, Colorado
By
Yvette Briggs

SUTHERS adds the clause on federal oaths, "So help me God."



Office of Attorney General is left vacant by deviant form, especially with intention. The previous oaths demonstrate SUTHERS understands the statutory Form of Oath CRS 24-12-101.

On February 7, 2005, I, John W. Suthers, took the following Oath of Office. The
Oath was administered and witnessed by Chief Justice Mary Mullarkey of the
Colorado Supreme Court. To the extent necessary, I hereby reaffirm the oath below.

John W. Suthers

### OATH OF OFFICE
### ATTORNEY GENERAL

I, John W. Suthers, do solemnly swear that I will support the constitution of the
United States and of the State of Colorado, and will faithfully perform the duties of
the Office of Attorney General upon which I am about to enter.

John W. Suthers

Chief Justice Mary Mullarkey

Administered February 7, 2005
Signed May 3, 2005

20095611097  C
OATH_OFFICE
SECRETARY OF STATE
05/03/2005 02:36:01

**RECEIVED**

MAY 0 3 2005

ELECTIONS OFFICE
SECRETARY OF STATE

Mary J. MULLARKEY is engaging in the same bond-dodging by deviant form of oath.

#### 24-12-101. Form of oath.

Whenever any person is required to take an oath before he enters upon the discharge of any office, position, or
business or on any other lawful occasion, it is lawful for any person employed to administer the oath to
administer it in the following form. The person swearing, with his hand uplifted, shall swear "by the everliving
God".

**Source: G.L.** § 1925. **G.S.** § 2471. **R.S. 08:** § 4669. **C.L.** § 7958. **CSA:** C. 115, § 1. **CRS 53:** § 98-1-1.
**C.R.S. 1963:** § 98-1-1.

**Cross references:** For constitutional requirements of oaths, see §§ 8 and 9 of art. XII, Colo. Const.

OATH OF OFFICE



STATE OF COLORADO

ELECTIONS / LICENSING
SECRETARY OF STATE

20075601884  C
OATH_OFFICE
SECRETARY OF STATE
01/11/2007 10:23:45

I, JOHN SUTHERS, DO SOLEMNLY SWEAR BY THE EVERLIVING GOD
THAT I WILL SUPPORT THE CONSTITUTION OF THE UNITED STATES AND OF
THE STATE OF COLORADO, AND WILL FAITHFULLY PERFORM THE DUTIES OF
THE OFFICE OF ATTORNEY GENERAL OF THE STATE OF COLORADO, UPON
WHICH I AM ABOUT TO ENTER.

John Suthers

Subscribed and sworn to before me this 9th day
of January A.D. 2007.



Mary J. Mullarkey
Chief Justice, Colorado Supreme Court

STATE OF COLORADO
DEPARTMENT OF STATE
I hereby certify that this is a true and
complete copy of the document filed in
this office and admitted to record in

Fee _____

DATED _____

By _____
Secretary of State

In 2007 SUTHERS develops deviations in form with capitonym lettering. The all upper
case lettering signifies esoteric meaning, or CODE.



Finally in 2011 we find SUTHERS conforming to form, filed with the Secretary of State and even bordered like a fungible fidelity bond.

Touching upon David A. GILBERT works a great segue into a memorandum of history and law should the appeals court wish to enter this compelling physics treaty into the record. Simply put, it would be attorneys in black robes who would design a loophole in the bonding system for checks and balances. We find that David A. GILBERT shows systematic contemplation by replacing his valid oath of office with a bogus oath midterm.

It serves us to recall some history about money.





Throughout his early career it is clear David GILBERT is quite aware of the Form of Oath set out in the state constitution and statutes.



RECEIVED

FEB 1 3 1997

ELECTIONS/LICENSING
SECRETARY OF STATE

STATE OF COLORADO)
                 ) ss                    OATH OF OFFICE
COUNTY OF EL PASO)

I, DAVID A. GILBERT, do solemnly swear by the Ever
Living God, that I will support the Constitution of the
United States and of the State of Colorado; that I will
faithfully and to the best of my ability perform the duties
of the office of CHIEF TRIAL DEPUTY DISTRICT ATTORNEY, 4TH
JUDICIAL DISTRICT, upon which I am about to enter.

_____
              signature

Subscribed and sworn before me this 10th day of February, 1997.

_____
Notary Public

_____
Chief Judge
4th Judicial District

STATE OF COLORADO
DEPARTMENT OF STATE

DATED

Secretary of State



STATE OF COLORADO)
                  ss
COUNTY OF EL PASO)                          OATH OF OFFICE

    I,   DAVID A. GILBERT              do solemnly swear by
the Ever Living God, that I will support the Constitution of
the United States and of the State of Colorado;  that I will
faithfully and to the best of my ability perform the duties
of the office of CHIEF TRIAL DEPUTY DISTRICT ATTORNEY, 4TH
JUDICIAL DISTRICT, upon which I am about to enter.

                        _____
                                signature

Subscribed and sworn before me this 14th day of January,
1997.

                        _____
                        Notary Public

                                        My Commission Expires
                                              5/26/98

                        _____
                        Chief Judge
                        4th Judicial District

STATE OF COLORADO )
                  ) ss      OATH OF OFFICE
FOURTH JUDICIAL   )
DISTRICT          )

RECEIVED

JAN 2 5 2001

ELECTIONS / LICENSING
SECRETARY OF STATE

I, DAVID A. GILBERT, do solemnly swear by the Ever Living God, that I will

support the Constitution of the United States and of the State of Colorado; that I will

faithfully and to the best of my ability perform the duties of the office of CHIEF TRIAL

DEPUTY DISTRICT ATTORNEY, 4TH JUDICIAL DISTRICT, upon which I am about

to enter.

_____
                        Signature

Subscribed and sworn before me this 12th day of January, 2001.

_____
Notary Public

_____
Judge

It is irregular to find two oaths two days apart so we should examine the Witness:

96121500          96 SEP 25 AM 9: 26          1 of 1
                  ARGUS W. SHMITT
                  EL PASO COUNTY CLERK & RECORDER

                                                    Free

## OATH OF OFFICE

STATE OF COLORADO   }
                    }  ss
COUNTY OF EL PASO   }

        I, Gilbert A. Martinez, do solemnly swear in the
presence of the everliving God, that I will support the
Constitution of the United States and the Constitution of the
State of Colorado, and that I will faithfully perform the duties
of the office of District Court Judge for the Fourth Judicial
District, State of Colorado, to the best of my skill and ability,
so help me God.

                              _____
                              Signature


        Subscribed and sworn to before me this 12ᵀᴴ day of
January , 1993.

                              _____
                              Matt M. Bailey, Chief Judge
                              Fourth Judicial District


Office of County Clerk and Recorder
El Paso County, State of Colorado
Certified to be a full, true and correct
copy of record in my office.
96121500 Book_____ Page_____
Date 6-25-15
       Chuck Broerman
County Clerk and Recorder, El Paso County, CO
By _____
                              Deputy


Mr. MARTINEZ has intentionally failed to qualify the office by not filing with the
Secretary of State.

RECEIVED

JAN 14 2011

ELECTIONS
SECRETARY OF STATE

20115000995  C
OATH_OFFICE
SECRETARY OF STATE
01/14/2011 12:23:01

STATE OF COLORADO )
) ss.        OATH OF OFFICE
COUNTY OF EL PASO )

    I, GILBERT A. MARTINEZ, do solemnly swear that I will support the Constitution of the United States and of the State of Colorado; that I will faithfully and to the best of my ability perform the duties of the office upon which I am about to enter of District Court Judge of the Fourth Judicial District.

GILBERT A. MARTINEZ

Subscribed and sworn to before me this ___11 th___ day of ___January___, 2011.

KIRK SAMELSON
CHIEF JUDGE
FOURTH JUDICIAL DISTRICT

STATE OF COLORADO
DEPARTMENT OF STATE

I hereby certify that this is a true and complete copy of the document filed in this office and admitted of record in

DATED

Secretary of State

By

    Intent is shown by filing a deviant oath of office with the Secretary of State. Without a witness David GILBERT's oaths are bogus. Here is an example of the Witnessing being a bond-dodger, Kirk Steward SAMELSON.

## OATH OF OFFICE

STATE OF COLORADO)
               )s.s.
COUNTY OF EL PASO )

     I, Kirk S. Samelson, do solemnly swear in the presence of the ever-living God, that I will support the Constitution of the United States and the Constitution of the State of Colorado, and that I will faithfully perform the duties of Judge of the District Court, 4th Judicial District, for El Paso County, State of Colorado, to the best of my skill and ability, so help me God.

                            Kirk S. Samelson, District Court Judge

     Subscribed and sworn to before me this 14th day of January, 2003.



                District Court Judge
                Fourth Judicial District

Here we have two bond-dodgers witnessing for each other.

20095603593  C
OATH_OFFICE
SECRETARY OF STATE
02/27/2009  09:25:22

STATE OF COLORADO              )
                               ) ss.        OATH OF OFFICE
COUNTY OF EL PASO              )

I, KIRK S. SAMELSON, do solemnly swear that I will support the
Constitution of the United States and of the State of Colorado; that I will faithfully
and to the best of my ability perform the duties of the office upon which I am about
to enter of District Court Judge of the Fourth Judicial District.

KIRK S. SAMELSON

Subscribed and sworn to before me this _____ 15th _____ day of
_____ JANUARY _____, 2009.

THOMAS K. KANE
ACTING CHIEF JUDGE
FOURTH JUDICIAL DISTRICT

**RECEIVED**

JAN 1 4 2009

ELECTIONS/LICENSING
SECRETARY OF STATE

STATE OF COLORADO
DEPARTMENT OF STATE

I hereby certify that this is a true and
complete copy of the document on file in
this office and admitted to record in

file _____

DATED _____

By _____
Secretary of State

First SAMELSON follows form, then he does not. This shows contemplation, not recklessness.

RECEIVED

JUL 1 0 2001

ELECTIONS / LICENS...
SECRETARY OF STATE

STATE OF COLORADO     )
                        ) ss.                   **OATH OF OFFICE**

COUNTY OF EL PASO     )

I, DAVID A. GILBERT, do solemnly swear by the Ever Living God, that I will support the Constitution of the United States and of the State of Colorado; that I will faithfully and to the best of my ability perform the duties of the office upon which I am about to enter of DISTRICT COURT JUDGE OF THE FOURTH JUDICIAL DISTRICT.

_____
DAVID A. GILBERT

Subscribed and sworn to before me this ___5th___ day of ___July___, 2001.

_____
GILBERT A. MARTINEZ
CHIEF JUDGE OF THE
FOURTH JUDICIAL DISTRICT

3/15/2009  14:5

**OATH OF OFFICE**

**STATE OF COLORADO**

I, *DAVID A. GILBERT*, do solemnly, sincerely, and truly declare and affirm that I will support the Constitution of the United States, and of the State of Colorado, and will faithfully perform the duties of the Office of

DISTRICT COURT JUDGE

Upon which I am about to enter

Subscribed and sworn to before me on this _10 26_ day of _JANUARY_ _2005_

Officer administering affirmation:

Title: Chief Judge – Fourth Judicial District

Address: 20 E. Vermijo, Colorado Springs, Colorado 80903

My Commission Expires

RECEIVED

JAN 1 2 2005

ELECTIONS / LICENSING
SECRETARY OF STATE

3/15/2009 14:55

STATE OF COLORADO
DEPARTMENT OF STATE

Both David GILBERT intentionally altering his oath midterm, after so many correctly worded oaths and the Secretary of State pretending never to have read the state constitution in his or her mission statement demonstrate the magnitude of the issue before this appeals court.

Filed in Clerk of Courts
Larimer County CO

**JUL 16 2019**

Notice to the court

DATE FILED: July 16, 2019
CASE NUMBER: 2018CR2908

18cr2908

COMES NOW, Patrick Neill of the family MORENO and Redeemed. Demand is made for redemption of central banking currency in Lawful Money in all transactions pursuant to Title 12 USC 411 and Section 16 of the Federal Reserve Act. Service to agent is service to the principal and vice versa.

1. A "trial" on Larimer County case 18cr2908 is scheduled on July 25, 2019 at 8:30 am.

2. Alleged defendant, Patrick Neill has never been arraigned on 18cr315 or 18cr2908.

3. Office of "judge" Stephen John JOUARD is VACANT pursuant to Article XII, Section 10 of the Colorado constitution because he has neglected to take an oath or affirmation in accordance with section 24-12-101.

4. Office of Eighth Judicial District, District Attorney is VACANT pursuant to Art. XII, Section 10 of the Colorado constitution because Clifford RIEDEL has neglected to qualify within the time prescribed by law pursuant to 24-12-101

section
20-1-101)

6. Patrick Neill has filed on three separate occasions his "EVIDENCE"; however, evidence was recorded on Case number 2018CR002908 in Larimer County, Minutes of Testimony dated June 6, 2019 as "DEFT SUBMITS DOCUMENTS TO THE COURT" and further, "COURT AUTHORIZES SARAH CURE TO FILE DOCUMENTS ON BEHALF OF DEFT." at 11:58am

7. On June 3, 2019 Patrick Neill had "Evidence" delivered via Registered Mail number 7016 2140 0000 2251 2220 to Larimer County Courthouse accompanied with filing instructions.

8. On June 6, 2019 Patrick Neill submitted in person to Stephen JOUARD the same set of "EVIDENCE" and this was noted in 18cr2908 Minute Order dated June 6, 2019.

9. On July 1, 2019 Sarah CURE personally delivered a third set of documents to the Clerk of court titled "Evidence."

10. None of the preceding attempts were ever filed into the record or are reflected on the Register of Action or 18cr2908.

11. Patrick Neill's witness is his father "Frank" who is an interested party through billing

E. Document 39, 18-mc-7, Albany, NY
F. Document 43, 18-mc-7, Albany, NY
G. Document 50, 18-mc-7, Albany, NY
H. Document 54, 18-mc-7, Albany, NY
I. Oath of Office, Barbara SPENCER
J. Court of Appeals ORDER 2019 CA 1203
K. Minutes of Testimony 18cr315
L. Minutes of Testimony 18cr2908
M. Register of Action 18cr315
N. Register of Action 18cr2908
O. Certified copy Oath of Office
    (1) Julie FIELD
    (2) Timothy PERKINS
    (3) Clifford RIEDEL
    (4) Gordon MCLAUGHLIN
P. State's Discovery, as necessary
Q. Any other documents or witnesses as deemed necessary.
    R. All warrants pertaining to 18cr315 and 18cr290.

13. Patrick Neill's father, Frank, will need to appear via telephone due to recent heart surgery. His phone will be provided at trial.
Dated this 15th day of July, 2019.
    I declare under penalty of perjury the aforementioned is true and correct to the best of my knowledge
    Redeemed for Lawful Money per 12 USC 411
    by, Patrick Neill

| | |
|---|---|
| DISTRICT COURT, LARIMER COUNTY, COLORADO<br>201 La Porte Avenue, Suite 100<br>Fort Collins, CO 80521-2761<br>Telephone: (970) 494-3500 | DATE FILED: July 18, 2019 3:05 PM<br>CASE NUMBER: 2018CR2908 |
| **PEOPLE OF THE STATE OF COLORADO vs.**<br><br>**Defendant:**<br>    **PATRICK NEILL MORENO** | |
| | ▲ **COURT USE ONLY** ▲ |
| The Honorable District Court Judge<br><br><br><br>STEPHEN J. JOUARD | Case No: **2018 CR 2908**<br><br>Courtroom:    **3C** |
| **ORDER REGARDING DEFENDANT'S NOTICE TO THE COURT** | |

Defendant Neill Patrick Moreno is charged through a Complaint and Information with Violation of Bail Bond Conditions in violation of C.R.S. §18-8-212(1) a Class 6 Felony. Defendant Mr. Moreno continues to challenge the authority of the district attorney as well as this court to exercise jurisdiction over Mr. Moreno. Defendant has attempted to file "Evidence" in the Court through his Father as well as having the same documents delivered to the Court in person as well as through Defendant's court-appointed advisory counsel. The Court has directed his clerk to upload the documents requested to be filed with the Court so that such documents may be part of the Court record.

The documents requested to be filed by Defendant Moreno include a "Notice of Appeal and Allocution Affidavit," "Evidence-Findings of Fact," "Notice of Vacant Offices and Garnishment of Judge Field," Refusal for Cause," "Notice to Rectified Scottish Right Freemasonry and Imperial Dragon Sovereignty NEPHELIM bloodline," "Original Habeas Corpus," "Appointment Affidavits" for various federal judges, and registers of action for various action including Larimer County Cases 17CR6545, 18CR315, and 18CR2908.

Defendant Moreno has contended and appears to continue to contend that this Court does not have jurisdiction over him, that the undersigned judicial officer does not have authority to hear the case, that the district attorney, Clifford Riedel, Esq. does not have authority to prosecute him and that the assigned deputy district attorney does not have authority based upon a lack of qualified oath. Finally, Defendant Moreno argues that he has never been properly arraigned in this case. Each of Defendant's contentions will be addressed in this order.

The Court notes that the initial filing of the documents and "Evidence" Defendant Moreno attempted to file with the Court were filed through and by his father. Mr. Moreno's father, allegedly acting in the capacity of a power of attorney. Mr. Moreno's father is not an attorney and does not have any authority by which he may file pleadings with the Court. Accordingly, the documents were not received by the Court clerk and were not uploaded into the case file in 2018CR2908. Subsequent to the initial mailing, Mr. Moreno has tendered documents

directly to the Court as well as delivering the same documents to the Court via court-appointed advisory counsel, Sarah Cure, Esq. Again, solely for purposes of the court record, the court has requested his clerk to upload the requested documents into the Court file. To the extent that Mr. Moreno is requesting that this court dismiss the matter based upon a lack of subject matter or personal jurisdiction, the court denies Mr. Moreno's motion.

The Court finds that it has jurisdiction over this case under Article VI of the Colorado Constitution, §1 ("Vestment of Judicial Power") and §9 ("District Courts – Jurisdiction"), and subject matter jurisdiction under Article VI of the Colorado Constitution, §9 and C.R.S. §18-1-201. A person may be prosecuted in Colorado if he commits a crime wholly or partly within the state. *See* §18-1-201, C.R.S.; *People v. Brown,* 70 P.3d 489, 494 (Colo. App. 2002). Further, to the extent challenged by Defendant, the Court finds that it has personal jurisdiction over Mr. Moreno. C.R.S. §13-1-124; *People v. Jones*, 140 P.3d 325, 328 (Colo. App. 2006). Accordingly, Defendant's motion is denied.

Further, the undersigned judge attaches to this order his oath of office administered by Chief Judge Stephen E. Howard on January 10, 2017 and is properly possessed with authority to carry out his duties as a judicial officer. Colo. Const. Art. XII §9; People v. Stanley 170 P.3d782 (Colo.App. 2007)

Finally, Defendant Moreno argues that he has never been properly arraigned in this matter. The court record reflects that Mr. Moreno received an initial advisement regarding the charges against him by Magistrate Majoros on February 19, 2019. Mr. Moreno was advised of his right to counsel in a first appearance before the Court on February 22, 2019. Mr. Moreno requested that he be allowed to represent himself and denied any request for court-appointed counsel. Mr. Moreno had to be removed from the courtroom at the first appearance as he continued to be argumentative with the court after being properly advised that his conduct would not be allowed. A preliminary hearing was conducted before the Court on March 4, 2019. The Court again inquired as to whether Mr. Moreno desired to have court-appointed counsel to represent him. He declined to be represented by counsel and chose to proceed *pro se*. The preliminary hearing was conducted, and the court determined that there was probable cause to bind Mr. Moreno over for trial. Pursuant to Rule 10 of the Colorado Rules of Criminal Procedure, Mr. Moreno was advised of the charges against him and the subject of the preliminary hearing and the Court inquired of Mr. Moreno as to how he would plead to the charges. Mr. Moreno refused to enter a plea and the court entered a plea of not guilty to the charges on his behalf pursuant to C.R.S. §16-7-208. *See also, Romero v. People*, 170 Colo. 234 460 P.2d 784 (1969).

Based upon the foregoing, the Court enters the following orders:

1. The court has both subject matter jurisdiction and personal jurisdiction in this matter as set forth.

2. The Court denies Defendant's motion to dismiss this matter for lack of jurisdiction.

3. The Court finds that it has proper authority to preside over this case and denies Defendant's motion to the extent that it challenges the undersigned's authority to preside over the trial.

SO ORDERED this 18th day of July 2019.

BY THE COURT:

DISTRICT JUDGE

# IN THE DISTRICT COURT

# IN AND FOR THE 8TH JUDICIAL DISTRICT

# STATE OF COLORADO

I, Stephen J. Jouard, do solemnly swear by the ever living God that I will support the Constitution of the United States, the Constitution and Laws of the State of Colorado, and that I will faithfully perform all the duties pertaining to the office of District Judge, 8th Judicial District, State of Colorado, to the best of my knowledge and ability, so help me God.

_____
Stephen J. Jouard

Subscribed and sworn to before me this _____ of _____ , A.D., 20____.

_____
Stephen E. Howard
Chief District Court Judge



Colorado Court of Appeals
2 East 14th Avenue
Denver CO 80203 United States

Received 7/8/2019



PATRICK N MORENO
C/O  FRANCISCO MORENO
18105 W. IVY LANE
SURPRISE AZ 85388

29-1009

To:      Patrick N Moreno

Subject:  Service of documents in 2019CA1203.

You are being served with documents filed electronically through the
Colorado Courts E-Filing system.  Please review the following details
concerning this service.

* Court Location: Court of Appeals
* Case Number: 2019CA1203

* Filing ID: N/A
* Filed Document Title(s):
  * ADVISEMENT OF FILING NOTICE OF APPEAL
* Submitted on Date/Time: Fri Jun 28 18:30:07 MDT 2019
* Submitted by Authorizing Organization:
* Submitted by Authorizing Attorney:   Colorado Court of Appeals

If you have a question about the above listed case, please contact the court.
Information for all Colorado court locations is listed on the Colorado Judical Branch
website http://www.courts.state.co.us/Index.cfm.

| | DATE FILED: June 28, 2019 |
|---|---|
| Colorado Court of Appeals<br>2 East 14th Avenue<br>Denver, CO 80203 | |
| Larimer County<br>2018CR315<br>El Paso County<br>2017CR6545<br>Larimer County<br>2018CR2908 | |
| **Plaintiff-Appellee:** | |
| The People of the State of Colorado, | Court of Appeals Case<br>Number:<br>2019CA1203 |
| **v.** | |
| **Defendant-Appellant:** | |
| Patrick N Moreno. | |
| ADVISEMENT OF FILING NOTICE OF APPEAL | |

A Notice of Appeal was filed on 06/26/19 in the case designated above. Include the Court of Appeals case number on all future pleadings and the record on appeal.

Please note that this document is advisory only and does not serve as confirmation that this court has jurisdiction or that all jurisdictional requirements have been met.

Also note that the Court of Appeals is statutorily required to advance industrial claim and juvenile appeals on its calendar. The court will expect counsel, pro-se parties and court reporters to meet all filing deadlines set forth by the Colorado Appellate Rules or by court order. In order to comply with the statutes and avoid unnecessary delay, motions to enlarge the time for filing the record on appeal or the briefs will generally be denied unless extremely compelling reasons are clearly demonstrated.

<u>Required Filings</u>:

> The clerk of the trial court will transmit the record to the Court of Appeals. If appellant intends to include transcripts of any hearings or trial

included in the record on appeal, the appellant must file a **designation of transcripts** with the trial court and an advisory copy with the appellate court within 7 days of the date of filing the appellant's notice of appeal.  The record will be transmitted without transcripts unless appellant complies with C.A.R. 10(d).

The record on appeal is due 08/28/19.

POLLY BROCK
CLERK OF THE COURT OF APPEALS
DATE: 06/28/19

2

Colorado Court of Appeals
2 East 14th Avenue
Denver CO 80203 United States



PATRICK N MORENO
C/O  FRANCISCO MORENO
18105 W. IVY LANE
SURPRISE AZ 85388                    154-1012

To:        Patrick N Moreno

Subject:  Service of documents in 2019CA1203.

You are being served with documents filed electronically through the
Colorado Courts E-Filing system.  Please review the following details
concerning this service.

   • Court Location: Court of Appeals
   • Case Number: 2019CA1203

   • Filing ID: N/A
   • Filed Document Title(s):
     • ORDER OF dismissal
   • Submitted on Date/Time: Tue Jul 02 18:30:11 MDT 2019
   • Submitted by Authorizing Organization:
   • Submitted by Authorizing Attorney:    Colorado Court of Appeals

If you have a question about the above listed case, please contact the court.
Information for all Colorado court locations is listed on the Colorado Judical Branch
website http://www.courts.state.co.us/Index.cfm.

| | |
|---|---|
| Colorado Court of Appeals<br>2 East 14th Avenue<br>Denver, CO 80203 | DATE FILED: July 2, 2019 |
| Larimer County<br>2018CR315<br>El Paso County<br>2017CR6545<br>Larimer County<br>2018CR2908 | |
| **Plaintiff-Appellee:**<br><br>The People of the State of Colorado,<br><br>v.<br><br>**Defendant-Appellant:**<br><br>Patrick N Moreno. | Court of Appeals Case<br>Number:<br>2019CA1203 |
| ORDER OF dismissal | |

To: All Parties and the Clerks of the Larimer and El Paso County District Courts

The Court has reviewed the notice of appeal filed in this Court on June 26, 2019, and enters the following order.

First, an appeal in this Court must be taken from a final order. C.A.R. 1(a). There does not appear to be a final, reviewable order in any of the three cases listed in the notice of appeal. Indeed, the notice of appeal states that this is an "interlocutory appeal." This Court does not have jurisdiction over an interlocutory appeal in criminal proceedings.

Second, the notice of appeal refers to three cases from two separate district courts. This Court does not combine appeals from different courts. If appellant wants to appeal from different courts and the orders issued by those court, a separate notice of appeal must be filed for each case.

Third, this Court is a court of review. This Court does not have authority to grant much of the relief it appears appellant might be requesting.

Fourth, this Court does not accept filings from other persons on behalf of the actual parties to the appeal except for filings by a licensed attorney who is authorized to practice law in this state. Appellant's father is not a licensed attorney and the power of attorney from appellant does not qualify his father as a licensed attorney or a party to this appeal.

Fifth, any filings or pleadings in this Court are to be addressed to the Court as a whole and not to any particular judge.

Accordingly, the Court DISMISSES this appeal without prejudice to appellant either filing a notice of appeal from a final order on his own or through a licensed attorney. In the future, every pleading filed in this Court must be filed and signed by appellant as his pleading or must be filed through a licensed attorney.

The Court returns the money order to appellant's father because this appeal has been dismissed without prejudice.

BY THE COURT

2

# IN THE DISTRICT COURT

# IN AND FOR THE 8TH JUDICIAL DISTRICT

# STATE OF COLORADO

I, Stephen J. Jouard, do solemnly swear by the ever living God that I will support the Constitution of the United States, the Constitution and Laws of the State of Colorado, and that I will faithfully perform all the duties pertaining to the office of District Judge, 8th Judicial District, State of Colorado, to the best of my knowledge and ability, so help me God.

_____
Stephen J. Jouard

Subscribed and sworn to before me this _____ of _January_, A.D., 20__

_____
Stephen E. Howard
Chief District Court Judge

RECEIVED

JAN 2 0 2015

ELECTIONS
SECRETARY OF STATE

20155005047  C
OATH_OFFICE
SECRETARY OF STATE
02/23/2015 11:29:01

# IN THE DISTRICT COURT

# IN AND FOR THE EIGHTH JUDICIAL DISTRICT

## STATE OF COLORADO

I, Julie Kunce Field, do solemnly swear that I will support the Constitution of the United States, the Constitution and Laws of the State of Colorado, and that I will faithfully perform all the duties pertaining to the office of District Court Judge in and for the Eighth Judicial District, State of Colorado, to the best of my knowledge and ability.



_____
Julie Kunce Field

Subscribed and sworn to before me this 13th of January, A.D., 2015.

_____
Stephen J. Schapanski,
Chief Judge

# LOYALTY OATH OF OFFICE

*Please read Arizona Revised Statutes on reverse side of this form.*

File Number #

Official Use Only
Do not write or staple in this space

State of Arizona )
County of _____ )

I ___BARBARA LOUISE SPENCER___ do solemnly swear (or affirm) that
(type or print name)

I will support the Constitution of the United States and the Constitution and laws of the State

of Arizona, that I will bear true faith and allegiance to the same and defend them against all enemies,

foreign and domestic, and that I will faithfully and impartially discharge the duties of the office of

___COMMISSIONER___ according to the best of my ability, so help me God (or so I do affirm).
(name of office)

_____
(signature of officer or employee)

1-18-19
(date of signing)

State of Arizona )
County of Maricopa )

(seal)

Subscribed and sworn (or affirmed) before me this 18 day
of January, 2019.

_____
Notary Public

KERRY VOGEL
Notary Public - State of Arizona
MARICOPA COUNTY
My Commission Expires May 24, 2020

Filed in the Office of the Secretary of State on January 25, 2019 at 1:28 P.M.

_____
KATIE HOBBS, Secretary of State

SOSFORM: Loyalty Oath of Office 1/7/2019

State of Arizona

## COMMISSION ON JUDICIAL CONDUCT

Disposition of Complaint 19-042

Judge:          Barbara L. Spencer

Complainant:    Patrick N. Moreno

### ORDER

June 26, 2019

The Complainant alleged a superior court commissioner unlawfully detained him on an extradition warrant.

The role of the Commission on Judicial Conduct is to impartially determine whether a judicial officer has engaged in conduct that violates the Arizona Code of Judicial Conduct or Article 6.1 of the Arizona Constitution. There must be clear and convincing evidence of such a violation in order for the Commission to take disciplinary action against a judicial officer.

The Commission does not have jurisdiction to overturn, amend, or remand a judicial officer's legal rulings. The Commission reviewed all relevant available information and concluded there was not clear and convincing evidence of ethical misconduct in this matter. The complaint is therefore dismissed pursuant to Rules 16(a) and 23(a).

Commission members Roger D. Barton and J. Tyrrell Taber did not participate in the consideration of this matter.

Copies of this order were distributed to all
appropriate persons on June 26, 2019.

July 18, 2019

Francisco Moreno

18105W. Ivy Lane

Surprise, AZ  85388


On July 16, 2019 in the mail I received an order for Certified Copies of Oaths (6) and the payment of 30.00.  In the same packet I received a request for 25 Photocopies only of the Oaths for Certain Judges.


There are 3 oaths which I could not locate:  (1) Photocopy of Oath for Judge Stephen J. Jouard as well as the Certified Copy of the Oath. (2) Photocopy of Oath for Judge Terry Fox, (3) Photocopy of Oath for Judge Neeti Vasant Pawar.

State of Arizona

## COMMISSION ON JUDICIAL CONDUCT

Disposition of Complaint 19-042

Judge:          Barbara L. Spencer

Complainant:    Patrick N. Moreno

### ORDER

June 26, 2019

The Complainant alleged a superior court commissioner unlawfully detained him on an extradition warrant.

The role of the Commission on Judicial Conduct is to impartially determine whether a judicial officer has engaged in conduct that violates the Arizona Code of Judicial Conduct or Article 6.1 of the Arizona Constitution. There must be clear and convincing evidence of such a violation in order for the Commission to take disciplinary action against a judicial officer.

The Commission does not have jurisdiction to overturn, amend, or remand a judicial officer's legal rulings. The Commission reviewed all relevant available information and concluded there was not clear and convincing evidence of ethical misconduct in this matter. The complaint is therefore dismissed pursuant to Rules 16(a) and 23(a).

Commission members Roger D. Barton and J. Tyrrell Taber did not participate in the consideration of this matter.

Copies of this order were distributed to all appropriate persons on June 26, 2019.

Colorado Court of Appeals
2 East 14th Avenue
Denver CO 80203 United States



PATRICK N MORENO
C/O FRANCISCO MORENO
18105 W. IVY LANE
SURPRISE AZ 85388                    154-1012

To:        Patrick N Moreno

Subject:  Service of documents in 2019CA1203.

You are being served with documents filed electronically through the
Colorado Courts E-Filing system.  Please review the following details
concerning this service.

• Court Location: Court of Appeals
• Case Number: 2019CA1203

• Filing ID: N/A
• Filed Document Title(s):
   • ORDER OF dismissal
• Submitted on Date/Time: Tue Jul 02 18:30:11 MDT 2019
• Submitted by Authorizing Organization:
• Submitted by Authorizing Attorney:   Colorado Court of Appeals

If you have a question about the above listed case, please contact the court.
Information for all Colorado court locations is listed on the Colorado Judical Branch
website http://www.courts.state.co.us/Index.cfm.

DATE FILED: July 2, 2019

| | |
|---|---|
| Colorado Court of Appeals<br>2 East 14th Avenue<br>Denver, CO 80203 | |
| Larimer County<br>2018CR315<br>El Paso County<br>2017CR6545<br>Larimer County<br>2018CR2908 | |
| **Plaintiff-Appellee:**<br><br>The People of the State of Colorado,<br><br>v.<br><br>**Defendant-Appellant:**<br><br>Patrick N Moreno. | Court of Appeals Case<br>Number:<br>2019CA1203 |
| ORDER OF dismissal | |

To: All Parties and the Clerks of the Larimer and El Paso County District Courts

The Court has reviewed the notice of appeal filed in this Court on June 26, 2019, and enters the following order.

First, an appeal in this Court must be taken from a final order. C.A.R. 1(a). There does not appear to be a final, reviewable order in any of the three cases listed in the notice of appeal. Indeed, the notice of appeal states that this is an "interlocutory appeal." This Court does not have jurisdiction over an interlocutory appeal in criminal proceedings.

Second, the notice of appeal refers to three cases from two separate district courts. This Court does not combine appeals from different courts. If appellant wants to appeal from different courts and the orders issued by those court, a separate notice of appeal must be filed for each case.

Third, this Court is a court of review. This Court does not have authority to grant much of the relief it appears appellant might be requesting.

Fourth, this Court does not accept filings from other persons on behalf of the actual parties to the appeal except for filings by a licensed attorney who is authorized to practice law in this state. Appellant's father is not a licensed attorney and the power of attorney from appellant does not qualify his father as a licensed attorney or a party to this appeal.

Fifth, any filings or pleadings in this Court are to be addressed to the Court as a whole and not to any particular judge.

Accordingly, the Court DISMISSES this appeal without prejudice to appellant either filing a notice of appeal from a final order on his own or through a licensed attorney. In the future, every pleading filed in this Court must be filed and signed by appellant as his pleading or must be filed through a licensed attorney.

The Court returns the money order to appellant's father because this appeal has been dismissed without prejudice.

BY THE COURT

2

**Section 8. Oath of civil officers.** Every civil officer, except members of the general assembly and such inferior officers as may be by law exempted, shall, before he enters upon the duties of his office, take and subscribe an oath or affirmation to support the constitution of the United States and of the state of Colorado, and to faithfully perform the duties of the office upon which he shall be about to enter.

**Source:** Entire article added, effective August 1, 1876, see **L. 1877,** p. 65.

ANNOTATION

**Medical commissioners not required to take oath of office.** Isham v. People, 82 Colo. 550, 262 P. 89 (1927).

**Nor hearing officer.** A hearing officer possesses no independent power of his own, and therefore his position is that of an employee and not that of a civil officer and there is no requirement that an employee take an oath of office before entering upon his duties. Campbell v. State, 176 Colo. 202, 491 P.2d 1385 (1971).

**Applicability to executive officers.** With respect to executive officers, this section applies only to those elected officials named in § 1 of art. IV, Colo. Const. Hedstrom v. Motor Vehicle Div., 662 P.2d 173 (Colo. 1983).

**Applied** in People v. Western Union Tel. Co., 70 Colo. 90, 198 P. 146 (1921); Bd. of County Comm'rs v. Fifty-First Gen. Ass'y, 198 Colo. 302, 599 P.2d 887 (1979).

**Section 9. Oaths - where filed.** Officers of the executive department and judges of the supreme and district courts, and district attorneys, shall file their oaths of office with the secretary of state; every other officer shall file his oath of office with the county clerk of the county wherein he shall have been elected.

**Source:** Entire article added, effective August 1, 1876, see **L. 1877,** p. 65.

ANNOTATION

**Failure to file paperwork for oath with secretary of state in a timely fashion does not create a permanent vacancy.** No permanent vacancy is created if an elected district attorney misses the deadline to timely file the necessary paperwork for his or her oath and bond requirements with the secretary of state. Therefore, the elected district attorney is authorized to prosecute defendants during a period of a temporary defect. The district attorney acts as a de facto officer whose acts performed in the discharge of his official duties were valid and binding. People v. Scott, 116 P.3d 1231 (Colo. App. 2004).

**Deputy district attorneys are not "every other officer" for purposes of art. XII, § 9, because they are appointed not elected; thus, § 20-1-201 (3) controls.** Section 20-1-201 (3) requires that deputy districts attorneys must file their oath with the secretary of state. Leske v. Golder, 124 P.3d 863 (Colo. App. 2005).

**Applied** in Isham v. People, 82 Colo. 550, 262 P. 89 (1927).

**Section 10. Refusal to qualify - vacancy.** If any person elected or

appointed to any office shall refuse or neglect to qualify therein within the time prescribed by law, such office shall be deemed vacant.

**Source:** Entire article added, effective August 1, 1876, see **L. 1877,** p. 65.

**Cross references:** For how vacancies in county offices are filled, see § 9 of article XIV of this constitution.

## ANNOTATION

**Law reviews.** For note, "One Year Review of Constitutional Law", see 41 Den. L. Ctr. J. 77 (1964).

**This section and § 9 of art. XIV, Colo. Const., must be read and construed together.** People v. Quimby, 152 Colo. 231, 381 P.2d 275 (1963).

**Provisions of § 9 of art. XIV, Colo. Const., are limited by this and following section.** People ex rel. Callaway v. DeGuelle, 47 Colo. 13, 105 P. 1110 (1909).

**"Vacancy" relates to term of office as well as to office itself,** either or both, according to the facts of the particular case. People ex rel. Bentley v. Le Fevre, 21 Colo. 218, 40 P. 882 (1895); Gibbs v. People ex rel. Watts, 66 Colo. 414, 182 P. 894 (1919); People v. Quimby, 152 Colo. 231, 381 P.2d 275 (1963).

The word "vacancy", as used in modern times, relates not only to the office which is to be filled, but to the term for which the appointment is to be made. It is constantly used in statutes and constitutions with reference to both office and tenure, and the proper interpretation of the word, when power is given to an executive or a board to fill a vacancy, is a power to fill the office designated for the unexpired term which may remain after the death, removal, or resignation of the antecedent incumbent. When the incumbent dies, is removed, or resigns, there is a vacancy not only in the office, but in the term, for which he was appointed, if that was for a definite period. Monash v. Rhodes, 11 Colo. App. 404, 53 P. 236 (1898), aff'd, 27 Colo. 235, 60 P. 569 (1900); People ex rel. Callaway v. DeGuelle, 47 Colo. 13, 105 P. 1110 (1909).

**Right to office contingent upon qualifying.** When a person is elected to a term, under the constitution, a contingent or inchoate right to the office is vested in him, which becomes absolute upon his qualification. He is elected to the term and no one else can enter therein until he is ousted therefrom, which can never be until the commencement of the term. When he does not qualify, the contingent right is gone. There is no one legally entitled to the term, and when the date of the term arrives there is a vacancy under the constitution, though there be some one actually and legally performing the duties of the office. People ex rel. Callaway v. DeGuelle, 47 Colo. 13, 105 P. 1110 (1909).

A person chosen to fill a term of office is not permitted to assume the duties of the office until he files a bond and oath of office, which must be done before the commencement of the term, or the office shall be deemed vacant. People v. Quimby, 152 Colo. 231, 381 P.2d 275 (1963).

**And vacancy occurs whether failure to qualify comes through wilful neglect, refusal, or impossibility because of death.** Gibbs v. People ex rel. Watts, 66 Colo. 414, 182 P. 894 (1919).

If one entitled to a new term on the arrival of the term does not appear and qualify, though the reason thereof be death, there is a vacancy in the office for the term. People v. Quimby, 152 Colo. 231, 381 P.2d 275 (1963).

**Section recognizes legal vacancy although incumbent continues to perform duties of office.** This section recognizes a legal vacancy that will authorize the appointment of a successor, even though nothing has happened to the real incumbent, and he is continuing to perform the duties of the office. People ex rel. Callaway v. DeGuelle, 47 Colo. 13, 105 P. 1110 (1909); People v. Quimby, 152 Colo. 231, 381 P. 2d 275 (1963).

**Incumbent of previous term holds over** where there is a vacancy in an office, until an appointment is made. People v. Quimby, 152 Colo. 231, 381 P.2d 275 (1963).

**Vacancy exists when one term expires and new term of office begins.** People v. Quimby, 152 Colo. 231, 381 P.2d 275 (1963).

**Failure to file paperwork for oath with secretary of state in a timely fashion does not create a permanent vacancy.** No permanent vacancy is created if an elected district attorney misses the deadline to timely file the necessary paperwork for his or her oath and bond requirements with the secretary of state. Therefore, the elected district attorney is authorized to prosecute defendants during a period of a temporary defect. The district attorney acts as a de facto officer whose acts performed in the discharge of his official duties were valid and binding. People v. Scott, 116 P.3d 1231 (Colo. App. 2004).

**Section 11. Elected public officers - term - salary - vacancy.** No law shall extend the term of any elected public officer after his election or appointment nor shall the salary of any elected public officer be increased or decreased during the term of office for which he was elected. The term of office of any officer elected to fill a vacancy shall terminate at the expiration of the term during which the vacancy occurred.

**Source:** Entire article added, effective August 1, 1876, see **L. 1877,** p. 65. **L. 74:** Entire section amended, p. 453, effective January 1, 1975.

**Editor's note:** The Governor's proclamation date in 1974 was December 20, 1974.

## ANNOTATION

**Appointment of qualified person ends previous term.** When an appointment to fill a vacancy is made and the appointee qualifies, the previous term and the rights of the incumbent to the office are ended. People v. Quimby, 152 Colo. 231, 381 P.2d 275 (1963).

**Appointee holds office until next general election,** if no new term intervenes between the time of his appointment and the time of such election. People v. Quimby, 152 Colo. 231, 381 P.2d 275 (1963).

**And has same power as predecessor.** A person elected or appointed to fill a vacancy in an unexpired term of a public office, such

as sheriff, holds precisely as his predecessor would have held had he continued in office, and in no other way; and has the same rights, and none other, that such predecessor would have had. People ex rel. Callaway v. DeGuelle, 47 Colo. 13, 105 P. 1110 (1909); People v. Quimby, 152 Colo. 231, 381 P.2d 275 (1963).

**District attorney is a state public officer.** Tisdel v. Bd. of County Comm'rs, 621 P.2d 1357 (Colo. 1980).

**Prohibition against modifying public officer's salary intended to deter appropriative body's influence.** The prohibition against modifying an elected public officer's salary during his term of office